# EXHIBIT A

Lance C. Behringer, Bar No. 315980
**CARPENTER & ZUCKERMAN**
8827 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 273-1230
Facsimile: (310) 858-1063
Email: eservice@cz.law; lanceteam@cz.law

Attorney for Plaintiffs
Billy Elliott and Mika Elliott

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/11/2025 4:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Leyva, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| BILLY ELLIOTT, an individual, and MIKA ELLIOTT, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGELAND RESOURCES, LLC, a Delaware limited liability company; and DOES 1–100, inclusive,<br><br>Defendants. | Case No.: 25NWCV03238<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **GENERAL NEGLIGENCE**<br>2. **PREMISES LIABILITY**<br>3. **LOSS OF CONSORTIUM**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:<br>Dept.: |

COME NOW Plaintiffs BILLY ELLIOTT, an individual, and MIKA ELLIOTT, an individual; who, for causes of action against Defendants BRIDGELAND RESOURCES, LLC; and DOES 1-100, complain and allege as follows:

**PARTIES**

1. Plaintiff BILLY ELLIOTT is an individual who, at all times referenced herein, resided in the County of Kern.

2. Plaintiff MIKA ELLIOTT is an individual who, at all times referenced herein, resided in the County of Kern.

3. Plaintiffs are informed and believe and thereon allege that at all times mentioned

-1-                                                                    Case No.
COMPLAINT FOR DAMAGES

1  herein, Defendant BRIDGELAND RESOURCES, LLC was and is a Delaware corporation
2  authorized to do business in California with its principal business address in Houston, Texas.
3  During all times relevant to the matters alleged in this Complaint, Defendant BRIDGELAND
4  RESOURCES, LLC was a legal, ultimate, and/or beneficial owner of, and the entity responsible
5  for, the safety of the site located at 12720 East Telegraph Road, Santa Fe Springs, California
6  90670 (the "SUBJECT PREMISES").  During all times relevant to the matters alleged in this
7  Complaint, Defendant was and presently is engaged in the business of drilling for, extracting,
8  producing, and handling petroleum products, and uses the SUBJECT PREMISES to conduct its
9  business.

10        4.      The true names and/or capacities, whether individual, corporate, associate, or
11  otherwise, of the Defendants identified as DOES 1 through 100, are unknown to Plaintiffs.
12  Plaintiffs are informed and believe and thereon allege that each of these Defendants fictitiously
13  named herein is legally responsible, negligent, or in some other actionable manner liable for the
14  events alleged in this Complaint, and proximately and legally caused the resulting injuries to
15  Plaintiffs.  Plaintiffs will move to amend this Complaint to insert the true names and/or capacities
16  of the fictitiously named Defendants when their identities have been ascertained.

17        5.      Plaintiffs are informed and believe and thereon allege that at all relevant times, all
18  of the Defendants were the agents, servants, employees, and/or joint venturers of their co-
19  defendants and were acting within the course, scope, and authority of their agency, employment,
20  and/or venture and that each and every Defendant, when acting as a principal or employer, was
21  negligent in the selection and hiring of each and every other defendant as an agent, employee,
22  and/or joint venture.

### VENUE

6.      Venue in this district is proper because the injuries giving rise to this action occurred in the County of Los Angeles, and one or more of the defendants resides or conducts business within the County of Los Angeles.

### THE INCIDENT

7.      On or about May 31, 2025, Plaintiff BILLY ELLIOTT was working at the SUBJECT PREMISES.  At all times mentioned herein, Plaintiff was lawfully on the SUBJECT

-2-    Case No.
COMPLAINT FOR DAMAGES

1  PREMISES and was exercising due and reasonable care for his own safety, and was acting in a
2  reasonably foreseeable manner.

3        8.    While Plaintiff was performing his work at the SUBJECT PREMISES,
4  Defendants proximately, negligently, foreseeably, and preventably caused Plaintiff to be
5  violently electrocuted and severely burned by a high-voltage electrical transmission line (the
6  "SUBJECT POWER LINE").  Defendants negligently and preventably performed work,
7  including activating or failing to deactivate one or more pieces of electrical power generation
8  equipment, on the SUBJECT POWER LINE while Plaintiff BILLY ELLIOTT was performing
9  his work in or around the immediate area of the SUBJECT POWER LINE.  Defendants
10 negligently and preventably directed Plaintiff BILLY ELLIOTT to work on the SUBJECT
11 POWER LINE under the false pretense that it was safe for him to do so, and subsequently
12 negligently and preventably caused the SUBJECT POWER LINE to become fully energized
13 with thousands of volts of electricity while Plaintiff BILLY ELLIOTT was performing work on
14 it.

15       9.    When Defendants caused the SUBJECT POWER LINE to become fully
16 energized through their negligent conduct while Plaintiff BILLY ELLIOTT was working on it,
17 Plaintiff was violently and extensively burned and electrocuted by thousands of volts of
18 electricity.  The electrocution was so intense that a fire lit around Plaintiff as the electricity
19 coursed through his body and the surrounding area.  Plaintiff suffered severe, traumatic, and
20 permanent injuries which include, but are not limited to, extreme burns, traumatic brain injuries,
21 soft tissue damage throughout Plaintiff's body, arterial infarctions, internal bleeding, tremors,
22 convulsions, cognitive impairment, and severe mental and emotional distress, among other
23 injuries.

24       10.    This section of Plaintiffs' Complaint is referred to herein as the SUBJECT
25 INCIDENT.

**FIRST CAUSE OF ACTION**

**GENERAL NEGLIGENCE**

**(Against All Defendants)**

11. Plaintiffs repeat, reallege, and incorporate by this reference as though set forth in full all prior allegations of this Complaint.

12. Plaintiffs are informed, believe and thereon allege that at all times mentioned in this Complaint, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 owned, leased, occupied, possessed, operated, managed, controlled, maintained, and inspected the SUBJECT PREMISES, including the area within the premises where the SUBJECT POWER LINE was located at the time of the SUBJECT INCIDENT. During all times relevant to the matters alleged in this Complaint, BRIDGELAND RESOURCES, LLC and DOES 1 through 100 had various duties relating to their ownership, leasing, occupation, possession, operation, management, control, maintenance, and inspection of the SUBJECT PREMISES, including, without limitation: a duty to use reasonable care in the ownership, leasing, occupation, possession, operation, management, control, maintenance, and inspection of the SUBJECT PREMISES in order to avoid exposing individuals to an unreasonable risk of harm; a duty to use reasonable care to keep the SUBJECT PREMISES in a reasonably safe condition; a duty to use reasonable care to discover any unsafe conditions at the SUBJECT PREMISES; and a duty to correct, remedy, protect against, and give adequate warning of any condition at the SUBJECT PREMISES that could reasonably be expected to harm others.

13. Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 occupied, managed, controlled, maintained, and inspected the SUBJECT PREMISES, including the area on the SUBJECT PREMISES where the SUBJECT POWER LINE was located at the time of the SUBJECT INCIDENT. During all times relevant to the matters alleged in this Complaint, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 had various duties relating to their occupation, management, control, maintenance, and inspection of the SUBJECT PREMISES, including, without limitation: a duty to use reasonable care in the occupation, management, control, maintenance, and inspection of the SUBJECT PREMISES in order to avoid exposing individuals to an unreasonable risk of harm; a duty to use reasonable care to keep the SUBJECT PREMISES in a reasonably safe condition; a duty to use reasonable care to

discover any unsafe conditions at the SUBJECT PREMISES; and a duty to correct, remedy, protect against, and give adequate warning of any condition at the SUBJECT PREMISES that could reasonably be expected to harm others.

14. Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 owned, possessed, managed, controlled, placed, maintained, and inspected the SUBJECT POWER LINE and the electrical transmission equipment to which it connected, including the electrical generation equipment which Defendants activated or failed to deactivate during the SUBJECT INCIDENT (collectively, the SUBJECT ELECTRICAL EQUIPMENT). During all times relevant to the matters alleged in this Complaint, BRIDGELAND RESOURCES, LLC and DOES 1 to 100 had various duties relating to their ownership, possession, management, control, placement, maintenance, and inspection of the SUBJECT ELECTRICAL EQUIPMENT, including, without limitation: a duty to use reasonable care in the ownership, possession, management, control, placement, securing, maintenance, and inspection of the SUBJECT ELECTRICAL EQUIPMENT in order to avoid exposing individuals to an unreasonable risk of harm; a duty to use reasonable care to keep the SUBJECT ELECTRICAL EQUIPMENT in a reasonably safe condition; a duty to use reasonable care to discover any unsafe condition of the SUBJECT ELECTRICAL EQUIPMENT, and a duty to correct, remedy, protect against, and give adequate warning of any condition of the SUBJECT ELECTRICAL EQUIPMENT that could reasonably be expected to harm others.

15. Plaintiffs are informed, believe, and thereon allege that at all times mentioned in this Complaint, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 retained control over safety conditions at the work site on the SUBJECT PREMISES where the SUBJECT ELECTRICAL EQUIPMENT was located at the time of the SUBJECT INCIDENT. During all times relevant to the matters alleged in this Complaint, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 to 100 had a duty to exercise reasonable care in their retention of control over safety conditions at the work site on the PREMISES where the SUBJECT ELECTRICAL EQUIPMENT was located at the time of the incident giving rise to this action.

16. Plaintiffs are informed, believe, and thereon allege that on or about May 31, 2025, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 so negligently owned, possessed, managed, controlled, placed, secured, maintained, and inspected the SUBJECT ELECTRICAL EQUIPMENT as to proximately cause Plaintiffs to suffer severe and permanent injuries and incur substantial economic and noneconomic damages. Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 were further negligent in that their management, control, placement, securing, maintenance, and inspection of the SUBJECT ELECTRICAL EQUIPMENT such that it posed an unreasonable and foreseeable risk of harm to the public, including Plaintiff BILLY ELLIOTT, and Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 failed to take reasonable measures to prevent this risk of harm.

17. Plaintiffs are informed, believe, and thereon allege that Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100, as the entities who owned, possessed, managed, and controlled the SUBJECT ELECTRICAL EQUIPMENT located at or around the work site on the SUBJECT PREMISES at the time of SUBJECT INCIDENT, were required to comply with the California Code of Regulations, including but not limited to the orders set forth in Subchapter 5, Group 2 of Chapter 4 of Division 1 of Title 8 of the California Code of Regulations, among other regulations.  Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 violated the above-described orders by directing Plaintiff BILLY ELLIOTT to work on or around the SUBJECT POWER LINE under the false pretense that it was safe for him to do so, and by activating or failing to deactivate the SUBJECT ELECTRICAL EQUIPMENT while Plaintiff BILLY ELLIOTT was actively working on the SUBJECT POWER LINE, thereby negligently and preventably causing the SUBJECT POWER LINE to become fully energized when it should not have been.

18. Plaintiffs are informed, believe, and thereon allege that Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 negligently failed to properly maintain, secure, operate, and inspect the SUBJECT ELECTRICAL EQUIPMENT.  Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 knew, or in the exercise of reasonable care should have known, that the SUBJECT ELECTRICAL EQUIPMENT was

negligently maintained, operated, handled, secured, and inspected, and posed a danger to persons at the work site on the SUBJECT PREMISES. Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 ignored the known danger to persons posed by the negligent handling, securing, maintenance, and inspection of the SUBJECT ELECTRICAL EQUIPMENT.

19. Plaintiffs are informed, believe, and thereon allege that Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 knew, or in the exercise of reasonable care should have known, that the condition of the SUBJECT PIPE constituted an extremely dangerous condition and presented an unreasonable risk of serious injury or death to persons who would foreseeably be in or near the vicinity of the SUBJECT PIPE, including Plaintiff. Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 further knew, or in the exercise of reasonable care should have known, that the danger posed by the condition of the SUBJECT PIPE would not be apparent to persons in or near the vicinity of the SUBJECT PIPE, including Plaintiffs.

20. Plaintiffs are informed, believe, and thereon allege that on or about September 28 and September 29, 2022, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 so negligently and carelessly owned, leased, occupied, possessed, operated, managed, controlled, maintained, and inspected the SUBJECT PREMISES as to proximately cause Plaintiffs' injuries and damages.

21. On or about September 28 and September 29, 2022, and prior thereto, Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 negligently and carelessly supervised, performed work, and selected, hired, engaged, and permitted others to perform work at the work site on the SUBJECT PREMISES, resulting in the creation of a dangerous and unsafe condition on the SUBJECT PREMISES. The work site on the SUBJECT PREMISES was in a dangerous condition, in that Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 failed to make the work site safe and to take proper precautions to protect persons working at the work site, including Plaintiffs; failed to make a thorough survey of the conditions of the work site to determine the predictable hazards to persons working at the site, including Plaintiffs, and to determine the kind and extent of safeguards necessary to perform the work being

performed at the work site by Plaintiffs and others in a safe manner; directed the improper placement, securing, maintenance, and inspection of materials at the work site and/or failed to direct the proper placement, securing, maintenance, and inspection of the SUBJECT ELECTRICAL EQUIPMENT and other materials at the work site; participated in the improper handling, securing, maintenance, and inspection of the SUBJECT ELECTRICAL EQUIPMENT and other materials at the SUBJECT PREMISES; failed to correct or remedy the dangerous and unsafe condition of the work site created by the improper handling, securing, maintenance, operation, and inspection of the SUBJECT ELECTRICAL EQUIPMENT and other materials at the work site, failed to warn persons working at the SUBJECT PREMISES that the SUBJECT ELECTRICAL EQUIPMENT was improperly maintained, handled, and secured; failed to conduct adequate safety meetings; failed to ensure that persons working at the SUBJECT PREMISES attended safety meetings; failed to provide adequate safety directives and guidelines to persons working at the work site; failed to designate persons to monitor activity on and around the SUBJECT PREMISES; and failed to provide adequate tools and personnel for the safe handling, maintenance, and securing of the SUBJECT ELECTRICAL EQUIPMENT and other materials at the work site.

22. Plaintiffs are informed, believe, and thereon allege that Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 specifically assumed, undertook, and were in charge of safety for the work site on the SUBJECT PREMISES. Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 further specifically assumed, undertook and were responsible for providing safe access to Plaintiff BILLY ELLIOTT and proper facilities for such access so Plaintiff BILLY ELLIOTT could perform his work at the SUBJECT PREMISES.

23. Plaintiffs are informed, believe, and thereon allege that Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 negligently exercised and retained control over the safety conditions at the work site on the SUBJECT PREMISES in a manner which affirmatively contributed to Plaintiffs' injuries and damages. Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 further negligently performed voluntary

undertakings to identify and correct the dangerous and unsafe conditions at the work site on the SUBJECT PREMISES.

24. The above referenced undertakings and promises of Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 were of a kind that BRIDGELAND RESOURCES, LLC and DOES 1 through 100 recognized as being necessary for the protection of third persons, including Plaintiffs. Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100, and their employees acting within the scope of their employment, failed to exercise reasonable care in the performance of these undertakings and promises, which failure resulted in harm to Plaintiffs, and either (a) their failure to exercise reasonable care added to the risk of such harm, or (b) the undertakings and promises were to perform a duty that another person or entity owed to third persons, including Plaintiffs, or (c) the harm was suffered because either the other person or entity or third persons relied on the undertakings and promises.

25. Defendants BRIDGELAND RESOURCES, LLC and DOES 1 through 100 knew, or in the exercise of reasonable care should have known, that they were required, under Subchapter 5 of Section 4 Title 8 of the California Code of Regulations and Sections 6400, 6401, 6402, and 6403 of the California Labor Code, among others, and general worksite management safety principles, to prevent the dangerous and unsafe conditions described above, but failed to do so.

26. As a direct, proximate, and legal cause of the aforementioned negligent, careless, and wrongful conduct of Defendants, and each of them, Plaintiffs have suffered substantial economic and non-economic damages which include, without limitation:

    a. Past and future medical and healthcare expenses;

    b. Past and future lost earnings and diminution of earning capacity;

    c. Past and future loss of ability to provide household services;

    d. Past and future incidental expenses;

    e. Past and future general damages, including but not limited to: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, loss of consortium, and emotional

distress.

27. As a factual and legal result of the aforementioned negligent, careless, and wrongful conduct of Defendants, Plaintiffs have suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at the time of trial.

## SECOND CAUSE OF ACTION

## PREMISES LIABILITY

### (Against All Defendants)

32. Plaintiffs repeat, re-allege, and incorporate by this reference as though set forth in full herein all prior allegations of this Complaint.

33. Defendants, including DOES 1 through 100, owned, leased, occupied, maintained, managed, operated, and/or otherwise controlled the SUBJECT PREMISES and the fixtures, objects, and electrical equipment present on the SUBJECT PREMISES, including the SUBJECT ELECTRICAL EQUIPMENT located at the work site on the SUBJECT PREMISES, which was in a dangerous and unsafe condition. Defendants, including DOES 1 through 100, further assumed and undertook a duty to maintain the SUBJECT PREMISES and the fixtures, objects, and electrical equipment present on the SUBJECT PREMISES, including the SUBJECT ELECTRICAL EQUIPMENT located at the work site on the SUBJECT PREMISES, in a safe condition, and to guard or warn against dangerous and unsafe conditions at the SUJBECT PREMISES.

34. Defendants, including DOES 1 through 100, were negligent in the ownership, leasing, occupation, maintenance, management, operation, control, and use of the SUBJECT PREMISES and the fixtures, objects, and electrical equipment present on the SUBJECT PREMISES, including the SUBJECT ELECTRICAL EQUIPMENT. The negligent acts and omissions of Defendants, including DOES 1 through 100, included, without limitation:

   a. Negligent maintenance of the SUBJECT PREMISES and the fixtures, objects, and electrical equipment present on the SUBJECT PREMISES and/or failure to maintain the SUBJECT PREMISES and the fixtures, objects, and electrical equipment present on the SUBJECT PREMISES, including the SUBJECT

        ELECTRICAL EQUIPMENT located at the work site on the SUBJECT PREMISES;

    b.    Negligent inspection of the SUBJECT PREMISES and the fixtures, objects, and electrical equipment present on the SUBJECT PREMISES and/or failure to inspect the SUBJECT PREMISES and the fixtures, objects, and toxic chemicals present on the SUBJECT PREMISES, including the SUBJECT ELECTRICAL EQUIPMENT located at the work site on the SUBJECT PREMISES;

    c.    Negligent failure to correct or remedy the dangerous and unsafe conditions at the SUBJECT PREMISES, including the dangerous and unsafe condition of the SUBJECT ELECTRICAL EQUIPMENT and other materials located at the work site on the SUBJECT PREMISES; and

    d.    Negligent failure to guard or warn against the dangerous and unsafe conditions at the SUBJECT PREMISES, including the dangerous and unsafe condition of the SUBJECT ELECTRICAL EQUIPMENT and other materials located at the work site on the SUBJECT PREMISES.

35. Prior to the incident giving rise to this action, Defendants, including DOES 1 to 100, inclusive, knew, or in the exercise of reasonable care should have known, of the dangerous and unsafe conditions at the SUBJECT PREMISES that created an unreasonable risk of harm, including the dangerous and unsafe condition of the SUBJECT ELECTRICAL EQUIPMENT and the work site on the SUBJECT PREMISES where the SUBJECT ELECTRICAL EQUIPMENT was located at the time of the incident.

36. As a direct, proximate, and legal cause of the aforementioned negligent, careless, and wrongful conduct of Defendants, Plaintiffs have suffered substantial economic and non-economic damages which include, without limitation:

    a.    Past and future medical and healthcare expenses;

    b.    Past and future lost earnings and diminution of earning capacity;

    c.    Past and future loss of ability to provide household services;

    d.    Past and future incidental expenses; and

e. Past and future general damages, including but not limited to: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, loss of consortium, and emotional distress.

37. As a factual and legal result of the aforementioned negligent, careless, and wrongful conduct of Defendants, and each of them, Plaintiffs have suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at the time of trial.

## THIRD CAUSE OF ACTION

## LOSS OF CONSORTIUM

### (Against All Defendants)

1. Plaintiffs repeat, re-allege, and incorporate by this reference as though set forth in full herein all prior allegations of this Complaint.

2. Plaintiff MIKA ELLIOTT was at all times the lawfully married wife of Plaintiff BILLY ELLIOTT.

3. As a direct, proximate, and legal cause of Defendants' actions, Plaintiff MIKA ELLIOTT has been and will continue to be deprived of the consortium, love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance, and has lost enjoyment of sexual relations with her husband, thereby causing and continuing to cause Plaintiff MIKA ELLIOTT past and future economic and noneconomic damages in an amount to be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For general damages in a sum according to proof at the time of trial;
2. For special damages in a sum according to proof at the time of trial;
3. For an award of the costs incurred by Plaintiffs in bringing and maintaining this action;
4. For pre-judgment interest pursuant to any applicable statute; and

5. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to the entire action and all issues, claims for relief, and damages.

DATED: September 11, 2025                **CARPENTER & ZUCKERMAN**

By: _____
    Lance C. Behringer

Attorney for Plaintiffs
Billy Elliott and Mika Elliott